# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **PAUL LEE MORGAN** | : | CIVIL ACTION No. |
| c/o David A. Singleton, #0074556 | : | |
| 215 E. 9th Street, Suite 601 | : | |
| Cincinnati, OH 45202 | : | **FIRST AMENDED COMPLAINT** |
| | : | |
| **Plaintiff**, | : | **JURY TRIAL REQUESTED** |
| v. | : | |
| **GINNY LAMNECK** | : | |
| Individually | : | |
| as Warden of the State of Ohio | : | |
| c/o Correctional Reception Center | : | |
| 11271 State Route 762 | : | |
| P.O. Box 300 | : | |
| Orient, OH 43146 | : | |
| | : | |
| and | : | |
| | : | |
| **OSCAR YOUNG** | : | |
| Individually | : | |
| as an employee of the State of Ohio | : | |
| c/o Correctional Reception Center | : | |
| 11271 State Route 762 | : | |
| PO Box 300 | : | |
| Orient, OH 43146, | : | |
| | : | |
| **RICH POW** | : | |
| Individually | : | |
| as an employee of the State of Ohio | : | |
| c/o Correctional Reception Center | : | |
| 11271 State Route 762 | : | |
| PO Box 300 | : | |
| Orient, OH 43146, | : | |
| | : | |
| **PATRICIA ROBINSON,** | : | |
| Individually | : | |
| as an employee of the State of Ohio | : | |
| c/o Correctional Reception Center | : | |
| 11271 State Route 762 | : | |
| PO Box 300 | : | |
| Orient, OH 43146, | : | |

| | |
|---|---|
| **& JOHN DOES 1-2** | : |
| Individually and | : |
| as employees of the State of Ohio | : |
| c/o Correctional Reception Center | : |
| 11271 State Route 762 | : |
| PO Box 300 | : |
| Orient, OH  43146 | : |
| | : |
| **Defendants.** | : |

## I.  PRELIMINARY STATEMENT

1. This civil rights case challenges the failure of prison officials to protect Plaintiff Paul Lee Morgan, who was brutally attacked by his cellmate while housed at the Correctional Reception Center ("CRC") in Orient, Ohio on October 13, 2007.  Mr. Morgan was classified as a Level 3 inmate even though he was only serving a short sentence for a non-violent crime.  Mr. Morgan was placed in a cell with Inmate Matthew Salett.  Salett was also a Level 3 inmate, although his conviction was for aggravated murder.  Prison officials placed Mr. Morgan with Salett, even though they knew Salett to be dangerous.  Salett had threatened violence, making it known around the prison yard that he would attack his cellmate in order to be transferred.  Prison officials failed to separate Mr. Morgan from Salett even though there were empty cells in the unit.  Salett savagely attacked Mr. Morgan, causing extensive physical and emotional injuries.  Mr. Morgan brings this case seeking damages and other relief for injuries sustained as a result of the defendants' failure to protect him from his violent cellmate.

## II.  JURISDICTION

2. This claim is brought under the Civil Rights Act of 1871, 42 U.S.C. § 1983. This Court has jurisdiction to hear the claim under 28 U.S.C. §§ 1331, 1343 (3) and (4).

## III. THE PARTIES

3. Plaintiff Paul Morgan is a citizen of the United States, who at all times relevant to this action, was a resident of CRC. Mr. Morgan was released from the Ohio prison system on or about March of 2008. He is not a "prisoner" within the meaning of 42 U.S.C. § 1997e.

4. Defendant Ginny Lamneck was, at all times relevant to this action, employed by the State of Ohio as the warden at CRC. She is sued in her individual capacity.

5. Defendant Oscar Young was, at all times relevant to this action, employed by the State of Ohio as the unit manager responsible for the housing unit on which Mr. Morgan was incarcerated at CRC. He is sued in his individual capacity.

6. Defendant Rich Pow was, at all times relevant to this action, employed by the State of Ohio as the case manager who was responsible for the unit on which Mr. Morgan was incarcerated at CRC when Defendant Oscar Young was absent. He is sued in his individual capacity.

7. Defendant Patricia Robinson was, at all times relevant to this action, employed by the State of Ohio as a corrections officer at CRC. She is sued in her individual capacity.

8. Defendant John Doe 1 was, at all times relevant to this action, employed by the State of Ohio as the count officer who assigned Mr. Morgan to his cell at CRC. He is sued in his individual capacity. His identity is uniquely within the knowledge and control of Defendant Ginny Lamneck.

9. Defendant John Doe 2 is described as any and all individuals employed by the State of Ohio who classified Mr. Morgan and inmate Matthew Salett and/or assigned them to the same cell.

## IV. FACTS

**Failure To Separate Plaintiff From A Violent Offender**

10. Plaintiff Paul Morgan was incarcerated at CRC on or about September 21, 2007 to begin a one-year sentence. He was serving time for selling OxyContin. Mr. Morgan was transferred to another facility in Lima, Ohio after he was attacked. He was released early on or about March 21, 2008.

11. Mr. Morgan displayed good behavior while at CRC. Nonetheless, Mr. Morgan was classified as a Level 3 inmate at the time he was attacked by an inmate with a history of violence.

12. Mr. Morgan's cellmate, Matthew Salett, was serving a life sentence for aggravated murder with a gun specification. Though violent, Salett was also classified as a Level 3 inmate. Salett was 33 years old at the time he was Mr. Morgan's cellmate, several years younger than Mr. Morgan, who was 47 years-old. Although these discrepancies between Mr. Morgan and Salett existed, Defendants approved the cellmate arrangement. Mr. Morgan was forced to remain in a cell with Salett despite the existence of vacant cells in the housing unit.

13. Mr. Morgan was afraid to be celled with Salett because Salett had told other inmates that he would use any means possible, including violence, in order to be transferred. On information and belief, this information was known to Defendants.

14. On the second night Mr. Morgan was celled with Salett, Salett attacked Mr. Morgan and attempted to kill him.

**The Attempted Murder**

15. Salett brutally attacked Mr. Morgan after he had fallen asleep. Without warning, Salett grabbed Mr. Morgan's head and began ramming it into the metal bars of Mr. Morgan's bed. Mr. Morgan suffers from a back injury. That injury was aggravated after suffering the first blow from Salett and prevented Mr. Morgan from defending himself. Mr. Morgan could not defend himself, nor could he escape his attacker. Salett cursed Mr. Morgan and told him that he was going to kill him.

16. Mr. Morgan screamed and begged for help from the corrections officer on duty. Defendant Robinson responded to the cell, saw the attack in progress, and heard Mr. Morgan's desperate pleas.

17. Defendant Robinson refused to open the door to separate Mr. Morgan and Salett. Defendant Robinson left the scene and sounded the alarm.

18. Mr. Morgan, still trapped in the cell with Salett, was beaten by Salett for several more minutes. Mr. Morgan passed out from the blows to his head.

19. Defendant Robinson returned a few minutes later and opened the cell door. The attack was stopped and Mr. Morgan was taken to The Ohio State University Hospital where he received stitches above his brow to stop the bleeding. The incident was investigated and Mr. Morgan was found innocent of any wrongdoing.

20. Defendant Warden Ginny Lamneck was, at all times relevant to this action, responsible for the policies and practices that led to the assault on Mr. Morgan. She knew that failure to segregate inmates according to their security classifications would

place Mr. Morgan at a substantial risk of serious harm. She also knew that a policy that caused Mr. Morgan to be over classified would place him at a substantial risk of serious harm. She further knew that a policy that caused Salett to be under classified would place Mr. Morgan at a substantial risk of serious harm. Despite this knowledge and unoccupied cells in the unit, Lamneck allowed Mr. Morgan, a non-violent inmate serving a one year sentence to be celled with a violent inmate serving a life sentence for aggravated murder.

21. All defendants knew Mr. Morgan was a non-violent offender who should not be placed with a violent inmate. Defendants' actions, by failing to separate Mr. Morgan from Salett, knowing that Salett intended to kill or maim someone in order to be transferred, increased the serious risk of substantial injury to Mr. Morgan.

22. Defendant Robinson failed to protect Mr. Morgan from further harm by Salett and later apologized to Mr. Morgan for her lack of action.

23. At all times relevant to this action, defendants have acted maliciously and with deliberate indifference towards the rights and safety of Mr. Morgan.

24. Mr. Morgan suffered serious injuries as a result of the attack, including but not limited to lacerations and swelling on his head, abrasions on his chest and arms, serious emotional distress, severe headaches, and dizziness. Mr. Morgan continues to suffer from serious emotional distress; he has trouble sleeping and he has frequent flashbacks to the night of the attack.

### V. CAUSE OF ACTION - 42 U.S.C. § 1983

25. Defendants have, under color of state law, deprived plaintiff of rights, privileges and immunities secured by the Eighth Amendment to the U.S. Constitution including, but not limited to, the right to be free of cruel and unusual punishment.

### VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

A. Award plaintiff compensatory damages in an amount to be shown at trial;

B. Award plaintiff punitive damages against the defendants in an amount to be shown at trial;

C. Award plaintiff reasonable attorney's fees, costs, and disbursements;

D. Grant to plaintiff such additional relief as the Court deems just and proper.

      /s/ David A. Singleton
David A. Singleton #0074556

Trial Attorney for Plaintiff
Ohio Justice & Policy Center
215 E. 9thStreet, Suite 601
Cincinnati, OH 45202
(513) 421-1108
(513) 562-3200 – fax
dsingleton@ohiojpc.org

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable by a jury.

      /s/ David A. Singleton
David A. Singleton #0074556